SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV18896210 | D1 FX | 35090310 |

Rule 4 (B) Ohio
Rules of Civil Procedure

# SUMMONS

|  |  |
|---|---|
| BARBARA GILDAY | PLAINTIFF |
| VS | |
| BBDO USA, LLC | DEFENDANT |

```
BBDO USA, LLC
SUCCESSOR BY MERGER W/ BBDO DETROIT
LLC, SUCCESSOR BY MERGER W/
INTERONE MARKETING GROUP, INC, FKA
ROSS ROY COM, INC, SUCCESSOR BY
MERGER W/ GRISWOLD
1285 AVENUE OF THE AMERICAS
NEW YORK NY 10019
```

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

Said answer is required to be served on: 

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

```
BRIAN L. BLY
401 SOUTH STREET

CHARDON, OH 44024-0000
```

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JANET R BURNSIDE
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT | |
|---|---|
| Apr 16, 2018 | By_____
Deputy |

COMPLAINT FILED    04/13/2018



CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**April 13, 2018 11:15**

By: BRIAN L. BLY 0083199

Confirmation Nbr. 1355670

| | |
|---|---|
| BARBARA GILDAY | CV 18 896210 |
| vs. | |
| BBDO USA, LLC | **Judge:** JANET R. BURNSIDE |

**Pages Filed:** 12

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

BARBARA GILDAY : Case No.
12333 Butternut Road
Newbury, Ohio 44065 : Judge

    Plaintiff :

vs. : **COMPLAINT**
: **WITH JURY DEMAND**

BBDO USA, LLC, :
*successor by merger with*
BBDO Detroit, LLC, :
*successor by merger with*
*Interone Marketing Group, Inc.* :
*fka Ross Roy Communications, Inc.,*
*successor by merger with* :
*Griswold, Inc.*
1285 Avenue of the Americas :
New York, New York 10019
:

    Defendant

Now comes the Plaintiff, BARBARA GILDAY, by and through the undersigned counsel, and hereby states her Complaint against the Defendant, BBDO USA, LLC, as follows:

**COUNT ONE – BREACH OF CONTRACT**

1.    In March, 1987, in Cleveland, Ohio, Griswold, Inc., and Ohio Corporation, entered into a written agreement with its employee, Thomas J. Gilday ("Thomas"). A copy of the Agreement is attached hereto as Exhibit "1".

IBOLD & O'BRIEN
401 SOUTH STREET, CHARDON, OHIO 44024
(440) 285-3511

2.	Paragraph Two of the Agreement calls for the employer to pay Thomas, in the event of his retirement, a certain amount, annually, for life.

3.	Paragraph Three of the Agreement states, in relevant part:

> <u>Death</u>. In the event of Gilday's death, whether after his retirement or before retirement while he is employed by the Corporation, the Corporation shall pay benefits hereunder as follows:
> (a) In the event of the death of Gilday after his retirement, the annual amount payable to Gilday under Paragraph 2 shall be continued to Gilday's spouse until the Corporation has paid such annual amount to Gilday and/or his spouse for a period of ten (10) years or until her earlier death, at which time all benefits payable hereunder shall terminate.

4.	Plaintiff, Barbara Gilday ("Barbara"), was married to Thomas at the time he entered into the Agreement with his employer.

5.	Barbara was an intended third-party beneficiary under Paragraph Three of the Agreement.

6.	Thomas performed all duties, promises and obligations required of him under the Agreement.

7.	Thomas retired from Griswold, Inc. in 1990.

8.	Upon Thomas' retirement, Griswold began making payments to Thomas pursuant to Paragraph Two of the Agreement.

9.	In 1995, Griswold, Inc. merged into Ross Roy Communications, Inc.

10.	In 1999, Ross Roy Communications, Inc. changed its name to Interone Marketing Group, Inc.

11.	In 2008, Interone Marketing Group, Inc. merged into BBDO Detroit, LLC.

12.	In or around 2012, BBDO Detroit, LLC merged into BBDO USA, LLC.

13.	The above-listed entities continued to pay Thomas, pursuant to the Agreement, into late 2017.

IBOLD & O'BRIEN
401 SOUTH STREET, CHARDON, OHIO 44024
(440) 285-3511

14. Thomas died December 20, 2017.

15. After Thomas' death, Defendant BBDO USA, LLC ceased making payments pursuant to the Agreement.

16. In early 2018, Barbara contacted Defendant, demanding payments pursuant to Paragraph Three of the Agreement, but Defendant refused, and continues to refuse to make the payments.

17. Defendant's refusal to make the payments constitutes a breach of the Agreement.

18. Plaintiff has suffered damages, and will continue to suffer damages into the future, as a result of Defendant's breach.

19. Defendant is liable for attorney fees paid by Plaintiff to enforce the Agreement, pursuant to Paragraph 6(C) of the Agreement.

## COUNT TWO – PROMISSORY ESTOPPEL

20. Plaintiff re-avers the allegations set forth in Paragraphs One through Nineteen above, as if fully rewritten here.

21. Defendant's conduct created a clear and unambiguous promise that payments would be made to Plaintiff, in the event of Thomas' death after his retirement, until Defendant had made payments to Thomas and/or Barbara for a period of ten (10) years or until her earlier death.

22. Barbara and Thomas relied on Defendant's promise of payment.

23. Barbara and Thomas' reliance on that promise was reasonable and foreseeable.

24. Defendants' promise induced action and/or forbearance on the part of Barbara and Thomas.

25. As a result of its Defendant's breach of that promise, Plaintiff suffered damages.

26. Injustice can be avoided only by enforcement of Defendant's promise.

### COUNT THREE – UNJUST ENRICHMENT

27. Plaintiff re-avers the allegations set forth in Paragraphs One contained in Counts One through Twenty-six, as if fully rewritten here.

28. Defendant knowingly received a benefit from Thomas' performance under the Agreement.

29. Allowing Defendant to withhold the payments to Plaintiff would result in Defendant being unjustly enriched, to Plaintiff's detriment.

Wherefore, Plaintiff demands judgment against Defendant: 1) for an Order requiring Defendant to make the payments described in Paragraph Three of the Agreement; 2) for compensatory damages in the amount of the missed payments, together with interest at the statutory rate; 3) attorney fees; 4) court costs; and

IBOLD & O'BRIEN
401 SOUTH STREET, CHARDON, OHIO 44024
(440) 285-3511

5) such other and further relief as the Court deems just and proper.

                                                     Brian L. Bly (0083199)
                                                     IBOLD & O'BRIEN
                                                     Attorney for Plaintiff
                                                     401 South Street
                                                     Chardon, Ohio 44024
                                                     (440) 285-3511 phone
                                                     (440) 285-3363 fax
                                                     bbly@peteribold.com

## JURY DEMAND

The Plaintiff hereby demands a trial by jury with the maximum number of jurors allowed by law.

                                                      Brian L. Bly (0083199)
                                                     IBOLD & O'BRIEN
                                                     Attorney for Plaintiff
                                                     401 South Street
                                                     Chardon, Ohio 44024
                                                     (440) 285-3511 phone
                                                     (440) 285-3363 fax
                                                     bbly@peteribold.com

3/23/87

# AMENDED AND RESTATED
# SUPPLEMENTAL RETIREMENT PROGRAM AGREEMENT

THIS AGREEMENT made and entered into by and between THOMAS J. GILDAY (hereinafter referred to as "Gilday") and GRISWOLD, INC., an Ohio corporation (hereinafter referred to as the "Corporation").

WITNESSETH:

WHEREAS, Gilday currently is employed by the Corporation and receives compensation and other benefits in consideration for such employment; and

WHEREAS, the parties hereto have previously entered into an agreement dated December 17, 1985 entitled "Supplemental Retirement Program Agreement," to provide for supplemental compensation to Gilday in the event of his retirement, death or other termination of employment; and

WHEREAS, the parties desire to amend and restate the Supplemental Retirement Program Agreement as hereinafter provided;

NOW, THEREFORE, Gilday and the Corporation hereby agree as follows:

1. <u>Entitlement to Supplemental Retirement Compensation</u>. Gilday shall be entitled to receive supplemental retirement compensation hereunder (hereinafter called "benefits") upon his retirement or, under certain circumstances hereinafter described, upon his termination of employment

**EXHIBIT 1**

with the Corporation prior to retirement from the Corporation. For purposes of this Agreement, "retirement" shall mean termination of employment with the Corporation after Gilday's attainment of age fifty-six (56).

2. <u>Amount of Gilday's Benefits</u>. In the event of Gilday's retirement, the Corporation shall pay to Gilday during his life an annual amount equal to Sixty-Five Thousand Dollars ($65,000) <u>reduced by</u>:

> any payment which Gilday would receive or be entitled to receive annually commencing at retirement under the Plans (as hereinafter defined) if the amounts and benefits accrued and vested for the benefit of Gilday under the Plans at the date of his retirement were used at such date to purchase and/or provide a life annuity for Gilday, <u>less</u> any portion of such payment based upon any amounts and benefits then accrued and vested for the benefit of Gilday under the Plans which are: (a) credited to Gilday in Profit Sharing Account C; (b) attributable to amounts voluntarily contributed to the Plans by Gilday; or (c) attributable to amounts contributed by or on behalf of Gilday to any salary reduction plan meeting the requirements of Section 401(k) of the Internal Revenue Code of 1954, as amended.

If the amount of the reduction provided above is equal to or greater than Sixty-Five Thousand Dollars ($65,000), no benefits shall be paid by the Corporation to Gilday hereunder nor shall there be a reduction in any benefits payable to Gilday under the Plans.

For the purposes of this Agreement, "Plans" shall mean the Griswold Profit Sharing Plan and Trust or a successor equivalent plan subsequently adopted by the Corporation, and any other retirement, pension or profit

sharing plan to which the Corporation is a party and from which Gilday is entitled to receive benefits thereunder, except any executive salary continuation plan adopted by the Corporation.

3. <u>Death</u>. In the event of Gilday's death, whether after his retirement or before retirement while he is employed by the Corporation, the Corporation shall pay benefits hereunder as follows:

(a) In the event of the death of Gilday after his retirement, the annual amount payable to Gilday under Paragraph 2 shall be continued to Gilday's spouse until the Corporation has paid such annual amount to Gilday and/or his spouse for a period of ten (10) years or until her earlier death, at which time all benefits payable hereunder shall terminate.

(b) In the event of Gilday's death prior to his retirement while he is employed by the Corporation, the annual amount which would have been payable to Gilday under paragraph 2 commencing at his retirement, but with the reduction provided for in paragraph 2 computed as of the day preceding the date of Gilday's death on the basis as of such preceding day of his then age and the amounts and benefits referred to in clauses (a), (b) and (c) of paragraph 2, shall be paid to Gilday's spouse from the date of Gilday's death for a period of ten (10) years or until her earlier death, at which time all benefits payable hereunder shall terminate.

4. <u>Termination of Employment</u>. In the event of Gilday's termination of employment with the Corporation other than by retirement or death as provided in paragraphs 2 and 3 hereof, the Corporation shall pay benefits hereunder as follows:

(a) In the event that Gilday's employment with the Corporation is terminated by the Corporation prior to his retirement for reasons other than those set forth in Section 11 (a) or (b) of the Employment Agreement ("Employment Agreement") between Gilday and the Corporation dated December 17, 1985, the Corporation will pay to Gilday during his life commencing at the date he attains the age of 56, the annual amount which would have been payable to Gilday under paragraph 2 commencing at his retirement, but with the reduction provided for in paragraph 2 computed as of the date of Gilday's termination of employment on the basis as of such date of the amounts referred to in clauses (a), (b) and (c) of paragraph 2.

Upon the death of Gilday subsequent to such termination of employment, whether prior to or after the commencement of benefit payments to him under paragraph 4 (a), such annual amount shall be paid or continued to Gilday's spouse from the date of Gilday's death until the Corporation has paid such annual amount to Gilday and/or his spouse for a period of ten (10) years or until her earlier death, at which time all benefits payable hereunder shall terminate.

(b) In the event that Gilday shall voluntarily terminate his employment with the Corporation prior to his retirement, or in the event that Gilday's employment with the Corporation is terminated by the Corporation prior to his retirement for the reasons set forth in Section 11 (a) or (b) of the Employment Agreement, the Corporation will pay to Gilday during his life, commencing at the date he attains the age of 56, the annual amount which would have been payable to Gilday under paragraph 2 commencing at his retirement, with the reduction provided for in paragraph 2 computed as of the date of Gilday's termination of employment and with a further reduction in the amount of $5,257 times the number of full years between the date of Gilday's termination of employment with the Corporation and the date that Gilday attains the age of 56 or would attain such age but for his decease after termination of employment.

Upon the death of Gilday subsequent to such termination of employment, whether prior to or after the commencement of benefit payments to him under this paragraph 4 (b), such annual amount shall be paid or continued to Gilday's spouse from the date of Gilday's death until the Corporation has paid such annual amount to Gilday and/or his spouse for a period of ten (10) years or until her earlier death, at which time all benefit payments hereunder shall terminate.

5. **Funding.** The Corporation may fund its obligations hereunder, but it is not required to do so.

6.  **Miscellaneous Provisions**.

(a) **Retention of Services**. This Agreement shall not be construed as giving Gilday any right to have his services retained or continued by the Corporation. Such right, if any, shall be covered by separate agreement between the Corporation and Gilday.

(b) **Construction**. This Agreement shall be construed and governed in all respects under and by the laws of the State of Ohio. If any provision of this Agreement shall be held by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions hereof shall continue to be fully effective.

(c) **Enforcement**. If Gilday commences any legal action to compel any payments or otherwise to enforce any of his rights under this Agreement, and is successful in such litigation, the Corporation agrees to pay Gilday's reasonable legal fees incurred in such litigation.

(d) **Superseding Prior Agreement**. This Agreement supersedes the Supplemental Retirement Program Agreement, and shall be deemed to be the agreement referred to as the "Supplemental Retirement Program Agreement" in the Employment Agreement.

(e) **Successors**. This Agreement shall inure to the benefit of and be binding on the Corporation and Gilday, the

Corporation's successors and assigns, and Gilday's spouse, legal representatives and assigns.

IN WITNESS WHEREOF, Gilday has signed this Agreement, and the Corporation has caused this Agreement to be executed by its duly authorized officer, this 29 day of May, 1987.

GRISWOLD, INC.

By: *Mary E. Landers*
Chairman of the Board

*Thomas Gilday*
Thomas J. Gilday

## GUARANTY

Ross Roy, Inc. hereby guarantees the performance by Griswold, Inc., its wholly-owned subsidiary, and the successors and assigns of Griswold, Inc., of all the terms, conditions and agreements of this Agreement.

ROSS ROY, INC.
By *A Lawson*
Dated: 5/29/87



April 19, 2018

Dear Customer:

The following is the proof-of-delivery for tracking number **780532127440**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Mailroom |
| **Signed for by:** | B.JEAN | **Delivery location:** | 1285 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019 |
| **Service type:** | FedEx Express Saver | **Delivery date:** | Apr 18, 2018 14:57 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 780532127440 | **Ship date:** | Apr 16, 2018 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

**Recipient:**
BBDO USA, LLC
SUCCESSOR BY MERGER W/ BBDO DETROIT
1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019 US

**Shipper:**
CCoC
1200 Ontario
Cleveland, OH 44113 US

**Reference** CV18896210
**Invoice number** 35090310

Thank you for choosing FedEx.

CV18896210 / 35090310 / BBDO USA, LLC / 2018-4-19 05:17